(69 South. 270)

No. 21434.

FARMERVILLE STATE BANK v. POLICE JURY OF UNION PARISH et al.

In re FARMERVILLE STATE BANK.

(June 29, 1915.)

*(Syllabus by the Court.)*

MANDAMUS ⬅➡10, 57—SUSPENSIVE APPEAL—EXISTENCE OF RIGHT.

If it appears, in an application for mandamus to compel the trial judge to grant a suspensive appeal, that, without regard for the correctness or incorrectness of the judgment from which the appeal was demanded, the applicant has no right to a suspensive appeal, the writ must be denied. But, when it appears that the suspensive appeal was denied by the trial judge on the ground that the judgment from which the appeal was demanded was correct, the writ of mandamus must issue.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 37, 68, 114–120; Dec. Dig. ⬅➡ 10, 57.]

Action by the Farmerville State Bank against the Police Jury of Union Parish and another. Judgment for defendants, suspensive appeal denied, and plaintiff applies for mandamus and prohibition. Rule made absolute, and ordered that the writs issue peremptorily.

H. G. Fields, of Farmerville, for relator. J. B. Holstead, pro se.

O'NIELL, J. The relator brought suit in the district court against the police jury and the treasurer of Union parish, praying that a certain ordinance of the police jury be declared unconstitutional and invalid, and that the parish treasurer be enjoined from paying to the parish board of school directors certain funds which the ordinance directed him to pay. The substance of the plaintiff's complaint is that the ordinance is violative of the obligations of the police jury to the plaintiff bank, as the fiscal agent of the parish, under a contract whereby the bank took up certain parish warrants and became a creditor of the parish to the amount of several thousand dollars, and that the funds which the ordinance directs the parish treasurer to pay over to the school board exceed the proportion dedicated for the public schools, and, from their nature and source, are not due to the school board.

In the absence of the district judge from the parish of Union, the clerk of court issued a preliminary injunction. The case was thereafter put at issue by the answers of the defendants, police jury and parish treasurer, and by an intervention on the part of the parish board of school directors, who joined the defendants in resisting the plaintiff's demands.

The case was then regularly set down for trial on its merits, evidence was heard, and the case was argued and submitted, and judgment was rendered as follows:

"In this case, by reason of the law and the evidence being in favor thereof, it is ordered, adjudged, and decreed that the demands of the plaintiff, Farmerville State Bank, be rejected, and its suit dismissed, and that the writ of injunction sued out herein be dissolved, set aside, and held for naught, and that the plaintiff pay all costs of this suit."

The plaintiff moved for a suspensive appeal, and asked that the appeal bond and return day be fixed by the judge. The court took the matter under consideration, and on the next day rendered an order, granting only

a devolutive appeal, and refusing the suspensive appeal, viz.:

"The court, considering that the injunction herein was issued improvidently, and that in cases of this kind a suspensive appeal ought not to be granted, the application for a suspensive appeal is refused. But an order for a devolutive appeal is granted plaintiff, returnable," etc.

Giving notice to the judge and to the defendants and intervener, in open court, of the intention to make application to this court for these remedial writs, the plaintiff filed the application which we are now considering for a writ of mandamus, directing the district judge to grant the suspensive appeal, and for a writ of prohibition, to prevent the parish treasurer from paying out the funds as directed by the ordinance complained of, pending the appeal.

In his return the respondent judge says that he cannot cite any authority for refusing to grant the suspensive appeal, but he gives very logical reasons for the judgment which he rendered on the merits of the case dissolving the writ of injunction. The right to a suspensive appeal, however, does not depend upon the incorrectness of the judgment sought to be corrected by appeal. If we could determine whether the plaintiff is entitled to a suspensive appeal without deciding this case on its merits, we would dispose of that question in these proceedings. The writ of injunction, however, was not dissolved on the face of the pleadings, but as a consequence of the decision of the case on its merits. Under these circumstances, it is begging the question to refuse to grant a suspensive appeal on the ground that the judgment from which the appeal is demanded is correct.

The rule issued herein, directing the respondents to show cause why the writs of mandamus and prohibition should not be granted, is made absolute, and it is now ordered that the writs issue peremptorily, at the cost of the defendants.